

**Signed and Filed: May 11, 2006**

_____

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

### UNITED STATES BANKRUPTCY COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 02-31521 TC |
| | ) |
| ALEXIS MAGER LAKUSTA, | ) Chapter 7 |
| | ) |
| | ) Date: May 12, 2006 |
| | ) Time: 9:30 a.m. |
| | ) Ctrm: Courtroom 23 |
| | ) |
| Debtor. | ) |
| | ) |

### MEMORANDUM RE DEBTOR'S MOTION FOR ABANDONMENT

Debtor filed a motion to compel trustee to abandon certain claims of the estate against Mark Evans and other parties (the Motion). The Motion does not identify these claims, except to note that they "includ[e] but [are] not limited to all of the claims alleged in *Lakusta v. Evans,* Adversary Proceeding No. 02-3125 in this court, and *Lakusta v. Evans, et al.*, Adversary Proceeding No. 03-3549 in this court."

The first of the two adversary proceedings identified was dismissed, the second resulted in a judgment against Lakusta and the estate. Debtor, who had prosecuted the action on behalf of the estate, filed a motion for relief from judgment that was denied, but did not appeal either the judgment or the order denying relief from judgment. Debtor now seeks to file a new suit against Evans

**MEMORANDUM RE DEBTOR'S**
**MOTION FOR ABANDONMENT**

-1-

and other parties for claims arising out of the same transaction as that involved in the action tried to judgment, stating that he "believes there may be grounds to set aside the judgment."

The bankruptcy case is about to be closed. Unless this court orders otherwise, all property of the estate that was listed in the schedules and that has not been administered will be abandoned to Debtor upon closing of the case. 11 U.S.C. § 554(d). Assuming arguendo that the claims in question were listed in the schedules and are thus subject to such abandonment, I determine that this is an instance in which the court should "order otherwise" and that the claims in question should not be abandoned. Lakusta has had his day in court. He now seeks to attempt to relitigate (likely at great cost to the other parties involved and perhaps to the inconvenience of the trustee and his counsel) the issues resolved via a long-final judgment.

I further determine that oral argument would not be helpful and would impose substantial unnecessary cost on the trustee and the numerous parties who have filed opposition to the Motion.

The court will therefore enter a separate order providing that: (1) the Motion is denied; (2) pursuant to 11 U.S.C. § 554 no legal claims against any party shall be abandoned to Debtor upon closing of the case or otherwise; (3) trustee remains the real party in interest in any action filed by Debtor pursuant to the Order Granting Limited Relief From Stay entered on April 18, 2006; (4) such relief from stay is hereby vacated; (5) the trustee shall

///

///

///

**MEMORANDUM RE DEBTOR'S**
**MOTION FOR ABANDONMENT**

-2-

1 | promptly take all necessary steps to dismiss any such actions
2 | Debtor filed; and (6) the scheduled May 12, 2006 hearing on the
3 | Motion is vacated.

4 | **END OF MEMORANDUM**

**MEMORANDUM RE DEBTOR'S
MOTION FOR ABANDONMENT**

1
2                        **Court Service List**
3
4   Alexis Mager Lakusta
    1259 El Camino Real, Suite 245
5   Menlo Park, CA 94025
6   David A. Schuricht, Esq.
    Law Offices of Katzen and Schuricht
7   1981 North Broadway, Suite 340
    Walnut Creek, CA 94596
8
    David V. Duperrault, Esq.
9   Silicon Valley Law Group
    25 Metro Drive, Suite 600
10  San Jose, CA 95110
11  David A. Boone, Esq.
    Law Offices of David A. Boone
12  1611 The Alameda
    San Jose, CA 95126
13
    Catherine Schlomann Robertson, Esq.
14  Pahl and Gosselin
    225 West Santa Clara Street
15  Suite 1500
    San Jose, CA 95113-1700
16
    Office of the U.S. Trustee
17  235 Pine Street
    Suite 700
18  San Francisco, CA 94104
19
20
21
22
23
24
25
26
27
28