

**Signed and Filed: June 29, 2007**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ALEXIS MAGER LAKUSTA,<br><br>         Debtor.<br>_____ | Bankruptcy Case<br>No. 02-31521-TC<br>Chapter 7 |

**MEMORANDUM RE DEBTOR'S
MOTION FOR LEAVE TO FILE ADVERSARY PROCEEDING**

On May 11, 2007, Debtor filed a request for leave to file an adversary proceeding against David A. Boone, Pahl & Gosselin, David Dupperault, and the Silicon Valley Law Group. The proposed defendants are attorneys and law firms.

Upon due consideration, because Debtor's malpractice claims are either barred by the statute of limitations or not pled with particularity, and because Debtor has not alleged any facts in support of the claims for conspiracy, deceit, conversion, and abuse of process, I determine that the Motion for Leave should be denied.

**FACTS**

Debtor's proposed adversary proceeding against the above counsel (Proposed Action) asserts claims for malpractice, conspiracy to defraud, deceit and fraud on the court, conversion,

MEMORANDUM RE DEBTOR'S
MOTION FOR LEAVE TO FILE AP         -1-

and abuse of process arising out of counsels' representation of Debtor or Mark Evans in litigation beginning in 2002, described below.

**1.   The First Action**

In April 2002 Debtor conveyed title to his residence and another Woodside property to Evans. Evans recorded the grant deeds and allegedly forcibly removed Debtor from the residence. On June 10, 2002, six days after Debtor filed for chapter 11 bankruptcy relief, Debtor sued Evans in bankruptcy court regarding these transactions (Adv. Proc. No. 02-3125) (First Action). Shortly after Evans filed an answer to the complaint, Debtor and Evans executed a settlement of the litigation, which contained broad mutual releases. On August 19, 2002, this court signed an order approving the settlement agreement.

The Law Offices of David Boone represented Debtor in Debtor's bankruptcy case and in the First Action, through execution of the settlement agreement. On October 8, 2002, Mr. Boone ceased representing Debtor in the main case and in the First Action, and Campeau, Goodsell Smith substituted in as counsel for Debtor in both matters.

Silicon Valley Law Group (David Duperrault) represented Evans in the First Action.

**2.   The Second Action**

On August 5, 2003, while his bankruptcy case was pending, and after it had been converted to chapter 7, Debtor filed an action in Superior Court against Evans, a notary public, and a real estate broker, seeking to void the transfer of Debtor's residence to

**MEMORANDUM RE DEBTOR'S
MOTION FOR LEAVE TO FILE AP**            -2-

Evans. Evans removed the action to this court, and it was assigned Adv. Proc. No. 03-3549 (Second Action). In the Second Action, Debtor represented himself, and Evans was represented by Pahl & Gosselin (Catherine Scholmann Robertson) and by Silicon Valley Law Group (David Duperrault).

After a trial, the court entered judgment in favor of Evans on June 7, 2004. The judgment provided that the settlement agreement was fully enforceable, and that the Second Action was barred by the release provisions of the settlement agreement.

**3. Malpractice Claims Arising out of the Second Action**

In the Proposed Action, Debtor alleges that before Pahl & Gosselin represented Evans, it represented Debtor in connection with the anticipated sale of one of Debtor's Woodside properties.[1/] Debtor alleges that Pahl & Gosselin breached its duty of loyalty to Debtor by fraudulently misrepresenting to the court at trial in the Second Action that Evans was the owner of Debtor's Woodside properties. Based on these factual allegations, Debtor asserts a claim for malpractice against Pahl & Gosselin.

**4. The Third Action and Debtor's Motion to Compel Abandonment**

On April 15, 2006, Debtor filed an emergency motion for relief from stay to file a new action against Evans before the statute of limitations ran. The above-signed, who was out of town, granted the motion in order to preserve the statute of limitations while deciding whether the action should proceed. On April 21, 2006, Debtor filed an action in San Mateo Superior Court against, *inter*

---

[1/] Debtor does not allege when he purportedly hired Pahl & Gosselin, or whether a retainer agreement was ever executed.

**MEMORANDUM RE DEBTOR'S
MOTION FOR LEAVE TO FILE AP**                   -3-

*alia*, Evans, Evans' company (Old La Honda Properties, LLC), and David A. Boone, Debtor's former counsel in the bankruptcy case and in the First Action. Debtor also filed in this court a motion to compel the chapter 7 trustee to abandon the estate's interest in all claims against Evans, his agents and employees, David Dupperault, Silicon Valley Law Group, and David Boone.

Pahl & Gosselin, David Dupperault, and David Boone filed opposition to Debtor's motion for abandonment. On May 11, 2006, this court signed a memorandum and order denying Debtor's motion for abandonment. The memorandum explained:

> The bankruptcy case is about to be closed. Unless this court orders otherwise, all property of the estate that was listed in the schedules and that has not been administered will be abandoned to Debtor upon closing of the case. 11 U.S.C. § 554(d). Assuming arguendo that the claims in question were listed in the schedules and are thus subject to such abandonment, I determine that this is an instance in which the court should "order otherwise" and that the claims in question should not be abandoned. Lakusta has had his day in court. He now seeks to attempt to relitigate (likely at great cost to the other parties involved and perhaps to the inconvenience of the trustee and his counsel) the issues resolved via a long-final judgment.

(Memo at 2:11-15).

**5. Malpractice Claims arising out of the Abandonment Motion**

The Proposed Action asserts that all of the attorneys who filed opposition to Debtor's motion to abandon made fraudulent misrepresentations to the court, resulting in the court "ordering otherwise", and denying abandonment of the claims to Debtor. Based on these factual allegations, Debtor asserts a malpractice claim against Pahl & Gosselin, David Duperrault, and David Boone.

**6. The Proposed Action's Four Skeletal Claims**

In addition to the malpractice claim, the Proposed Action also asserts the following four skeletal claims, which appear in the Proposed Action as follows:

```
SECOND CAUSE OF ACTION: CONSPIRACY TO DEFRAUD
THIRD CAUSE OF ACTION: DECEIT AND FRAUD ON THE COURT
FOURTH CAUSE OF ACTION: CONVERSION
FIFTH CAUSE OF ACTION: ABUSE OF PROCESS
```

Debtor alleges that he will amend the Proposed Action to describe these four causes of action against each of the proposed defendants, to state Debtor's damages, and to state the "specific relief [Debtor] seeks."

**LAW**

An action against an attorney for a wrongful act or omission, other than for actual fraud, and which arises in the performance of professional services, must be brought within one year after the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. Cal. Code Civ. Proc. § 340.6(a). The period is tolled during the time that plaintiff has not sustained actual injury, that the attorney continues to represent plaintiff regarding the specific subject matter in which the wrongful act or omission occurred, that the attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, or that the plaintiff is under a legal or physical disability that restricts his ability to commence legal action. Id.

**MEMORANDUM RE DEBTOR'S**
**MOTION FOR LEAVE TO FILE AP**                -5-

The claims relating to the signing and enforcement of the settlement agreement are barred by the applicable statute of limitations, because any wrongful act or omission by counsel occurred, was known by Debtor, and caused Debtor to suffer damages well before one year prior to Debtor filing his proposed new adversary proceeding on May 11, 2007. Debtor does not allege any facts that would support tolling of the time for filing an action against the counsel.

Regarding the motion to abandon, Debtor has failed to plead with particularity what misrepresentations the proposed defendants allegedly made to Debtor. Accordingly, Debtor has not stated any fraud-related malpractice claims upon which relief may be granted. Fed. R. Civ. Proc. 9(b); 12(b)(6); <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1007-08 (9th Cir. 2003)(affirming 12(b)(6) dismissal of fraud claims not pled with particularity) .

The Proposed Action does not incorporate by reference in support of the four skeletal causes of action the allegations underlying the malpractice claims, nor are there any other facts alleged in support of the remaining claims. Without a single alleged fact to support these four claims, the Proposed Action does not state a claim upon which relief may be granted. Fed. R. Civ. Proc. 8(a); 12(b)(6).

**CONCLUSION**

The malpractice claims relating to the signing and enforcement of the settlement agreement are barred by the applicable statue of limitations because any malpractice was committed by counsel, known by Debtor, and caused Debtor damage more than one year prior to

**MEMORANDUM RE DEBTOR'S
MOTION FOR LEAVE TO FILE AP** -6-

Debtor filing his proposed new adversary proceeding on May 11, 2007.  Debtor did not plead with particularity the misrepresentations defendants allegedly made to Debtor regarding the motion to abandon, and did not plead any facts in support of the four skeletal claims for conspiracy to defraud, deceit and fraud on the court, conversion, and abuse of process.  Accordingly, the court determines that the Motion for Leave should be denied.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM RE DEBTOR'S MOTION FOR LEAVE TO FILE AP** -7-

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Alexis Mager Lakusta |
| | 1259 El Camino Real #245 |
| 3 | Menlo Park, CA 94025 |
| 4 | Robert E. Patterson, Esq. |
| | Squire, Sanders & Dempsey LLP |
| 5 | 600 Hansen Way #100 |
| | Palo Alton, CA 94304-1043 |